IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSSEE

**CURTIS A. GIBBS and**
**LYNDA L. GIBBS,**

           **Plaintiffs,**

vs.                                                                         No. _____

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,**

           **Defendant.**

## COMPLAINT

COME NOW the Plaintiffs, Curtis A. Gibbs and Lynda L. Gibbs (hereinafter the "Insureds"), by and through counsel, and respectfully submit the following Complaint against Nationwide Mutual Fire Insurance Company:

### PARTIES AND JURISDICTION

1. Plaintiffs, Curtis A. Gibbs and Lynda L. Gibbs, are residents of Williamson County, Tennessee and own the real property and improvements located at 218 N. Maple Street, Lebanon, Wilson County, Tennessee (hereafter the "Insured Premises"). Plaintiffs own and operate a business known as The Mills at Lebanon located at the Insured Premises.

2. At all times relevant hereto, Defendant Nationwide Mutual Fire Insurance Company (hereafter "Nationwide") was a foreign insurance company licensed to participate in the general casualty insurance business and flood insurance business through the National Flood Insurance Program within the state of Tennessee. Nationwide's principal office is located in Columbus, Ohio. At all times relevant hereto, Nationwide conducted and transacted business in

Wilson County, Tennessee and continues to conduct and transact business in Wilson County, Tennessee.

3. This Complaint originates as the result of the May 1, 2010 flood that severely damaged the Insureds' property located on the Insured Premises, causing a loss to the Insured Premises, as well as the personal property, inventory, and other contents located thereon.

4. This Court has subject matter jurisdiction under *28 U.S.C. § 1331*, *42 U.S.C. § 4072*, and the insurance policy at issue in this case, and supplemental jurisdiction under *28 U.S.C. § 1367*. Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendant conducts business in this judicial district.

## FACTS

5. At all times material hereto, the Insureds were parties to an insurance contract with Nationwide whereby Nationwide agreed to insure the Insured Premises against property damage, being Policy No. 87041212742009 (the "Policy").

6. The Policy provided insurance coverage for flood damage to the buildings located on the Insured Premises, effective November 21, 2009. The Policy also provided for such other customary coverages as specifically set forth in the Policy. With respect to the building, coverage was issued with the following limits: Building - $500,000.00.

7. Pursuant to the Policy, the Insureds paid an annual premium to Nationwide in exchange for insurance coverage. The Insured paid the required premiums at all times relevant to this Complaint.

8. On or about May 1, 2010, a flood caused significant damage to insured structures located on the Insured Premises. Certain business personal property, inventory, and other contents located on or about the Insured Premises were also damaged or destroyed (hereafter the

"Loss"). All damage for which recovery is sought herein was caused by covered causes of loss pursuant to the Policy.

9. The Loss was promptly reported to Nationwide.

10. The Insureds fulfilled all of the duties after the Loss that were imposed upon them by the Policy to the satisfaction of Nationwide.

11. Despite the fact that the Insureds have fulfilled all duties imposed upon them by Nationwide and the damage to the Insured Premises is a result of a covered cause of loss, Nationwide has wrongfully denied the Insureds' claim for the full amount of insurance proceeds available to the Insureds under the Policy, which Nationwide did via letter dated September 7, 2010. Nationwide owes the Insureds at least an additional $359,560.27 for additional damage to the Insured Premises resulting from the Loss which Nationwide has refused to pay.

12. Nationwide's refusal to pay the Insureds the amounts owed to them as a result of the Loss is without justification and constitutes a breach of contract, all as set forth more fully above and below.

13. Nationwide's refusal to pay the money and benefits due and owing the Insureds under the Policy has caused the Insureds to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which they are entitled.

## CAUSES OF ACTION

**COUNT I – Breach of Contract**

14. The allegations contained in paragraph 1-13 of this Complaint are incorporated herein by reference as if set forth verbatim herein.

15. The policy issued by Nationwide is a binding contract, and is supported by valid consideration.

16. Nationwide is in total, material breach of the Policy, and Nationwide is liable to the Insureds in the maximum amount allowed by the Policy for the Loss. Specifically, Nationwide's breach of contract includes the following, without limitation:

   A. Nationwide's failure and refusal to pay the amounts owed to the Insureds under the "Building" coverage afforded by the Policy;

   B. Nationwide's failure and refusal to pay such other amounts to the Insureds as may be required by the Policy.

17. As a result of Nationwide's breach of contract, the Insureds sustained substantial compensable losses for the amounts claimed under the Policy, plus interest thereon, as well as money damages for economical losses and other numerous and assorted incidental and consequential damages.

WHEREFORE, as a result of the foregoing, the Insureds would respectfully request that proper process be issued and served on Nationwide requiring it to answer and/or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against Nationwide as follows:

A. For compensatory damages not to exceed $500,000.00;

B. For all costs incurred by the Insured as a result of this action;

C. For pre and post judgment interest; and

D. For such other further and general leave as this Court deems just and equitable..

Respectfully submitted,

GILBERT RUSSELL MCWHERTER, PLC

<u>s/ J. Brandon McWherter</u>
J. BRANDON McWHERTER (No. 21600)
CHAD A. NAFFZIGER (No. 26880)
*Attorneys for the Plaintiff*
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com